**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CARL K. KRAMER, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 07-1144-MLB |
| ) | |
| KANSAS DEP'T OF REVENUE, ) | |
| JOAN WAGNON, Secretary of ) | |
| Revenue, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendants' motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5.) The motion has been fully briefed and is ripe for decision. (Docs. 6, 10.) Plaintiff has also filed a motion for summary judgment by default (Doc. 4) and a motion for summary judgment (Doc. 11).

Defendants' motion to dismiss (Doc. 5) is GRANTED and plaintiff's motions (Docs. 4, 11) are DENIED for the reasons stated more fully herein.

**I. INTRODUCTION**

In a pro se complaint[1] filed May 23, 2007, plaintiff Carl Kramer

---

[1] The court notes plaintiff is not represented by counsel. It has long been the rule that pro se pleadings, including complaints and pleadings connected with dispositive motions, must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of Am., 14 F. Supp. 2d 1235, 1237 (D. Kan. 1998). This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. See Hall, 935 F.2d at 1110. Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See id. Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district.

generally alleges that defendant Kansas Department of Revenue (the "Department"), in an arbitrary and capricious manner, placed a lien against him.  Plaintiff alleges his claim under myriad constitutional provisions, including: Article 1, Section 2, 8, and 9; the Fourth Amendment; the Fifth Amendment; and the Ninth Amendment.

Plaintiff seeks refunds of taxes and punitive damages for his duress and anguish. Plaintiff captions his complaint against: "Kansas Department of Revenue, Joan Wagnon Secretary of Revenue, Topeka, Kansas, Defendant."  It is unclear from the face of plaintiff's claim whether his allegations have been previously addressed by the State of Kansas, as plaintiff at one point characterizes his complaint as an "appeal."  (Doc. 1.)

## II. ANALYSIS

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp. 2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp. 2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's

---

See id.; Hill, 14 F. Supp. 2d at 1237.  Additionally, the court need not accept as true plaintiff's conclusory allegations because no special legal training is required to recount the facts surrounding alleged injuries.  See Hill, 14 F. Supp. 2d at 1237.

consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D.N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp. 2d at 1129.

Defendants move to dismiss any claims against the Department and Wagnon in her official capacity based on their Eleventh Amendment immunity from suit. The Eleventh Amendment bars a citizen from bringing suit against his own state in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Eleventh Amendment immunity is applicable "to all suits against the state and arms of the state, regardless of the relief sought." Higganbotham v. Okla. Transp. Com'n, 328 F.3d 638, 644 (10th Cir. 2003). "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages."[2] Ellis v. Univ. of Kan. Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1998).

---

[2] The Eleventh Amendment does not bar a suit for prospective injunctive relief against a state official acting in her official or individual capacity. See Ex parte Young, 209 U.S. 123 (1908); Opala v. Watt, 454 F.3d 1154, 1157 (2006). Plaintiff, however, is not seeking prospective injunctive relief. Therefore, the Ex parte Young "exception" to Eleventh Amendment immunity is not applicable.

There are two exceptions to the general rule of Eleventh Amendment immunity from suit; abrogation by Congress and waiver. Joseph A. v. Ingram, 275 F.3d 1253, 1259 (10th Cir. 2002). The plaintiff's civil rights claims are apparently made via 42 U.S.C. § 1983. See 42 U.S.C. § 1983 (providing redress for deprivation, under color of law, of rights secured by the federal Constitution and laws). A claim made pursuant to § 1983, however, cannot be pursued against a state because § 1983 does not abrogate Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 341 (1979). Therefore, the abrogation exception to Eleventh Amendment immunity does not apply.

A state may waive its immunity and consent to suit in federal court, and if it does so waive, the Eleventh Amendment does not bar the action. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985) (superceded by statute on other grounds). Consent to suit will be found when a state voluntarily invokes federal court jurisdiction or otherwise makes a "clear declaration that it intends to submit itself" to federal jurisdiction. Raygor v. Regents of Univ. Of Minn., 534 U.S. 533, 547 (2002). In addition, "[a] state may effectuate a waiver of its constitutional immunity [through passage of] a state statute or constitutional provision." Id. at 239 n.1. However, "a state will be deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." Id. at 239 (quoting Edelman v. Jordan, 415 U.S. 651, 673 (1974)). Neither abrogation nor waiver is applicable to this matter.

As a result of the above standards of law, Eleventh Amendment immunity is dispositive of plaintiff's claims against the Department

and Wagnon in her official capacity. Therefore, the only claims that could remain are claims against Wagnon in her individual capacity. It is unclear whether plaintiff has alleged an individual capacity claim against Wagnon. See Pride v. Does, 997 F.2d 712, 715 (10th Cir. 2002) (stating that "where the complaint fails to specify the capacity in which the government official is sued, [a court] looks to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability"). Plaintiff seeks punitive damages, which would not be available against the State, see id. at 715-16, and thus implies an individual capacity claim.

However, plaintiff does not allege any facts regarding Wagnon's involvement in any alleged harm against him. This is dispositive of plaintiff's claim, if any, against Wagnon in her individual capacity. See Esnault v. Burnett, 83 Fed. Appx. 279, 282 (10th Cir. 2003) ("Under § 1983, when a defendant is sued in his individual capacity, the complaint must allege facts that show the defendant personally participated in the alleged violation."); see also Beedle v. Wilson, 422 F.3d 1059, 1073-74 (10th Cir. 2005) (stating that to impose individual liability under § 1983, "the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights"); Serna v. Colo. Dep't of Corrs., 455 F.3d 1146, 1151 (10th Cir. 2006) (same). Plaintiff simply alleges no facts establishing any personal involvement by Wagnon in any alleged deprivation of plaintiff's rights.

As a result of the above standards of law, defendants' motion to

dismiss is GRANTED.[3]

### III. CONCLUSION

Defendants' motion to dismiss (Doc. 5) is GRANTED for the reasons stated more fully herein. Plaintiff's motions (Docs. 4, 11) are DENIED. This case is dismissed and the clerk is directed to enter judgment for defendants.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall

---

[3] The court notes that there are many alternative bases that support its order granting defendants' motion. Plaintiff has not given fair notice of his claim. See Bell Atl. Corp. v. Twombly, __ U.S. __ 127 S. Ct. 1955, 1964-65 (2007) (holding that a complaint must contain more than "labels and conclusions" in order to meet Federal Rule of Civil Procedure 8(a)(2)'s requirement that a plaintiff provide "fair notice" of what there claim is and the grounds upon which it rests). Plaintiff did not properly serve his complaint. See Fed. R. Civ. P. 4 (setting forth requirements for service of pleadings). Plaintiff has not established this court's jurisdiction to hear a claim notwithstanding the Tax Injunction Act. See 28 U.S.C. § 1341 (prohibiting federal court jurisdiction over state law tax liens where a "plain, speedy and efficient remedy may be had in the courts of such State"). Plaintiff's claim may also be barred by the Rooker-Feldman doctrine. See Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1139 (10th Cir. 2006) ("The Rooker-Feldman doctrine prohibits federal suits that amount to appeals of state-court judgments.").

In addition, it appears to this court that plaintiff's complaint should be dismissed because it is "frivolous or malicious." 28 U.S.C. § 1915 (in forma pauperis statute); but see Sampley v. Ruettgers, 704 F.2d 491, 493 n.2 (10th Cir. 1983). In Sampley, the Tenth Circuit stated in a footnote that dismissing a case under § 1915 because of frivolousness was improper because § 1915 applied only to cases where the plaintiffs were proceeding in forma pauperis. Here, plaintiff is not proceeding in forma pauperis and has paid the filing fee. See Docket Entry of 05/23/2007. Section 1915 was amended in 1996, however, thirteen years after the Sampley case, and now reads: "Notwithstanding any filing fee, or any portion thereof that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I). The statute now appears to permit the dismissal of a case as frivolous, regardless of the payment of the filing fee.

These are all alternative bases for the court's ultimate conclusion herein, that defendants' motion should be granted and this case dismissed.

strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.

    IT IS SO ORDERED.

    Dated this   11th   day of September, 2007, at Wichita, Kansas.

                                s/Monti Belot
                                Monti L. Belot
                                UNITED STATES DISTRICT JUDGE